82,548-01

IN THE COURT OF APPEALS
AUSTIN TEXAS

EX PARTE                              §
                                      §
ERIC MAYBERRY                         §    WRIT NO. 82,548-01
                                      §

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 14 2015

Abel Acosta, Clerk

TRAVERSE BRIEF, AGAINST
STATES RESPONSE

NOW COMES ERIC MABERRY, (APPLICANT) IN THE ABOVE NUMBERED AND STYLED CASE.
APPLICANT NOW PRESENTS THIS TRAVERSE BRIEF IN RESPONSE TO APPLICATION. IN
RESPONSE APPLICANT SHOWS UNTO THIS HONORABLE COURT THE FOLLOWING;

ATTORNEY FOR THE DEFENCE RICK GUZMAN, STATE OF TEXAS BAR NO. 08654670
CONTENDS IN HIS AFFIDAVIT IN STATEMENT PAGE 1, NUMBER 3, STATES THE FOLLOWING:
"MR. MAYBERRY STATED THAT HE NEVER WAS INFORMED THAT THE SAID INDICTMENT WOULD BE
ALTERED OR THAT THE COURTS WERE NOT ADDRESSED WITH ANY NOTICE OF THE ALTERED
INDICTMENT."

TO THE CONTERY INDICTMENT AND INFORMATION MUST OBTAIN PERMISSION FROM
THE COURTS FOR LEAVE TO ALTER OR AMEND AN INDICTMENT AND OR INFORMATION, SEE CODE
OF CRIMINAL PROCEDURE, ART 21.19 - DEFECTS OF FORM. APPLICANT WAS PREJUDICED BY THE FACT
HE WAS NEVER ALLOWED AN OPPERTUNITY TO OBJECT, TO PROVE THIS POINT, THROUGH COUNSELS
OWN ADDMISSION WHEN HE STATED THE FACT THAT, "IN CORRESPONDENCE TO HIM (APPLICANT) ON
07/21/2009, I INCLUDED A COPY OF THE 7/16/09 REINDICTMENT WITH THE HANDWRITEN
CHANGES ON IT AS I RECIVED IT FROM THE DISTRICT CLERK'S OFFICE." THERE IS NO MENTION OF
LEAVE FROM THE COURT TO ALTER OR AMEND OR REINDICT APPLLICANT, COUNSEL STATES THAT HE RECIVED
SAID DEFECTIVE CHARGING INSTRUMENT ALREADY ALTERED FORM THE DISTRICT CLERK. THERE IS
NO DISMISSAL OF FIRST INDICTMENT, NO MOTION TO REINDICT, NO LEAVE TO ALTER OR AMEND.
THIS IS THE PROPER PROCEDURE THAT MUST TAKE PRIOR TO ANY CHANGES CAN BE MADE.
COUNSEL STATED THAT HE SENT ALLEGED RE-INDICTMENT WITH A WAVER THE APPLICANT SIGNED, THIS
VIOLATES, CODE OF CRIM, PROC. ART 28.10(b).

THIS PROVES THAT APPLLICANT NEVER HAD A CHANCE TO OBJECT FOR THE SIMPLE
FACT COUNSEL SENT THE ALTERED INDICTMENT WITH THE ALLEGED WAVER THAD DOES NOT
EXIST, ACCORDING TO THE DISTRICT CLERK. APPLICANT CHALLENGES THE STATE TO PRODUCE THIS
NON-EXISTING WAVER TO THIS HONORABEL COURT, SEE SODIPO VS. STATE, 815 S.W. 2d. 515, 555-56.
IN STUDER VS. STATE, 799 S.W. 263 (TEX. CRIM. APP. 1990), HOLDING AFTER ANALYZING THE AMENDME-
NTS' LANGUAGE AND LEGISLATIVE HISTORIES, WE RECOGNIZED THAT THE AMEND. CHANGED THE
EFFECT OF A DEFECT OF SUBSTANCE, NOW A DEFECT OF SUBSTANCE IN A CHARGING INSTRUMENT
DOES NOT AUTOMATICALLY RENDER A JUDGMENT VOID. UNDER THE AMENDED DEFINITION OF
THE TEXAS CONSTITUTION TO CONSTITUTE AN INDICTMENT OR INFORMATION,

AN INSTRUMENT MUST "CHARGE A PERSON WITH THE COMMISSION OF AN OFFENSE". SEE TEX. CONSTUTION ART V, §12(b). CONSEQUENTLY, AN INDICTMENT OR INFORMATION FLAWED BY A DEFECT OF SUBSTANCE BUT WHICH PURPORTS TO CHARGE AN OFFENCE IS NOT FUNDAMENTALLY DEFECTIVE AND, IN THE ABSENCE OF A PRETRIAL OBJECTION, WILL SUPPORT A CONVICTION, Id. AT 271-275; SEE EX PARTE GIBSON, 800 S.W. 2d 548, 551 (TEX. CRIM. APP. 1990).

IT IS ONLY WHERE AN INDICTMENT FAILS TO SATISFY THAT REQUIREMENT THAT IT IS VOID AND INCAPABLE OF INVOKING THE COURTS JURISDICTION.

THE ABSENCE OF JURISDICTION RENDERS THE JUDGMENT A COMPLETE NULLITY AND EXEMPTS THE DEFENDANT FROM THE RULES OF PROCEDURAL DEFAULT.

THUS, A DEFENDANT'S FAILURE TO OBJECT AS REQUIRED BY ARTICAL 1.14(b) DOES NOT WAIVE THE DEFECT BECAUSE THE JUDGMENT'S VOIDNESS IS COGNIZABLE AT ANYTIME.

APPELLANT CONTENDS THE THE ONLY CHANGE IN ALTERED CHARGING INSTRUMENT WAS THE SUBSTANCE WHICH INTENDED TO CHARGE APPLICANT WITH A GREATER BUT HELTH & SAFETY CODE STILL CHARGE APPLICANT WITH CODE 481.115 WHICH IS STILL A STATE JAIL FELONY, WHICH WAS UNLAWFULLY ENHANCED TO A FIRST DEGREE FELONY, WHICH IS ILLEGAL WITH IN IT-SELF THIS RENDERED CHARGING INSTRAMENT VOID. TO WIT PROSECUTION VIOLATED THE LAW BY FALSIFING A GOVERMENTAL RECORD AGAINST PENAL CODE §37.10 - TAMPERING WITH GOVERNMENTAL RECORDS.

COUNSEL STATES IN HIS AFFIDAVIT IN STATEMENT 4, LINE 19, THAT, "I REVIEWED THE DA'S FILE, MOBILE AND BOOKING VIDEOS, AS WELL AS PHONE CALLS MR. MAYBERRY MADE FROM THE JAIL. THE DRUGS ON HIM FELL OUT OF HIS PANTS WHILE HE WAS IN THE BACK SEAT OF THE POLICE PATROL CAR AND THEN HE STATED TO THE POLICE THAT THESE WERE CRACK ROCKS AND BREAD CRUMBS SO ANY FUTHER INVESTIGATION WOULD HAVE BEEN OF LIMITED VALUE GIVEN THE CIRCUMSTANCES OF HIS CASE."

HERE COUNSEL ADDMITTS THAT HIS ASSISTINCE WAS INEFFECTIVE, IN REGUARDS TO "STATE BAR OF TEXAS PERFORMANCE GUIDELINES"

1) GUIDELINE 3.2 - EXAMINING TRIAL.

A. BEFORE CONDUCTING AN EXAMINING TRIAL, COUNSEL SHOULD MAKE REASONABLE EFFORTS TO SECURE AND REVIEW INFORMATION IN THE PROSECUTOR'S OR LAW ENFORCEMENT AUTHORITES' POSSESSION. WHEN NECESSARY, COUNSEL SHOULD PURSUE SUCH EFFORTS THROUGH FORMAL AND INFORMAL DISCOVERY UNLESS THERE IS A SOUND TACTICAL REASON FOR NOT DOING SO.

C. IN PREPARING FOR THE EXAMINING TRIAL, COUNSEL SHOULD BECOME FAMILIAR WITH:

1. THE ELEMITS OF EACH OF THE OFFENSES ALLEGED;
2. THE LAW OF THE JURISDICTION FOR ESTABLISHING PROBABLE CAUSE;
3. FACTUAL INFORMATION THAT IS AVAILABLE CONCERNING PROBABLE CAUSE;

4. THE SUBPOEHA PROCESS FOR OBTAINING COMPULSORY ATTENDANCE OF WITNESSES AT AN EXAMIN, TRIAL AND THE NECESSARY STEPS TO BE TAKEN IN ORDER TO OBTAIN A PROPER RECORD OF THE PROCEDINGS;

5. THE POTENTIAL IMPACT ON THE ADMISSIBILITY OF ANY WITNESS'S TESTIMONY IF THE WITNESS IS LATER UNAVAILABLE AT TRIAL;

COUNSEL WAS INEFFECTIVE IN REGUARDS TO, GUIDELINE 4.1 - INVESTIGATION. SEE ORIGINAL MEMORANDUM OF LAW IN SUPPORT OF WRIT OF HABES COURPOS, INEFFECTIVE ASSISTANCE OF COUNSEL.

FURTHER COUNSEL CONTENDS THAT A PENDING FELONY WARRANT ON HIM FOR AGGRAVATED ASSAULT.

APPLICANT HAS SHOWN THIS HONORABLE COURT DOCUMENTED EVIDENCE THAT THERE WAS NO COMPLAINT FILED THEREFORE THERE COULD NOT HAVE BEEN A LEGAL ARREST WARRANT. SEE (EXHIBIT 6) (ALL EXHIBITS WERE SENT WITH MEMORANDUM OF LAW IN ORIGINAL WRIT APPLICATION).

APPLICANT CONTENDS THAT POLICE OBTAINED AN UNLAWFUL ARREST WARRANT FOR AN OFFENCE THAT NEVER HAPPENED, APPLICANT FUTHER CONTENDS THAT THERE WAS NO PROBABLE CAUSE TO OBTAIN SAID UNLAWFUL WARRANT. SEE STATES EXHIBIT (10) _ROCK DALE POLICE DEPARTMENT AFFIDAVIT OF PROBABLE CAUSE._ ON THIS DOCUMENT THAT THE STATE USED AT TRIAL, STATES THAT THERE IS NO MENTION OF ANY AGGRAVATED ASSULT ONLY AN AFFIDAVIT FROM A POLICE OFFICER WHO DID NOT WITNESS ANY CRIME THAT QUESTIONED NO WITNESS. TO ILLERSTATE THIS POINT THIS MEANS THAT A PERSON CAN PULL A GUN IN BRODE DAYLIGHT SLAP ANOTHER PERSON PUT THE GUN IN HER FACE IN FROUNT OF A CONVENUENT STORE AND NOONE SEES THIS HAPPEN, THIS IS PREPOSTERAS WITH IN IT SELF.

THERE IS NO MEHTENTION OF ANY ALLEGED AGGRAVATED ASSAULT IN THE AFFIDAVI IT MERELY STATES: AFFIDAVIT OF PROBABLE CAUSE WAS OOTAIN BASED ON. AFFIDAVIT IS CERTIFIED AND LICENSED AS A PEACE OFFICER IN THE STATE OF TEXAS AND _THE_ _PROPER DOCUMENTATION IS ON FILE WITH THE PROPER AGENCYES._ SEE EXHIBIT (7)

THIS IS A DECEPTIVE STATEMENT BECAUSE APPLICANT HAS SHOWN THIS HONORABLE COURT THAT THERE ARE NO DOCUMENTATION FILED WITH ANY AGENCY. SEE EXHIBIT(6). ON PAGE 2 OF COUNSELS AFFIDAVIT LINE 24 SEC. 9 COUNSEL ADDMITTES THAT THE CASE WAS NEVER FILED, COUNSEL NEVER ASKED WHY NEVER SOUGHT ANY OTHER REASONS OTHER THEN IN HIS MEND APPLICANT WAS GUILTY AND DID NOT EVEN TRY TO HELP APPLICANT, RENDERING HIS ASSISTANCE INEFFECTIVE AND ACCORDING TO THE LAW AND THE STATE BAR OF TEXAS PERFORMANCE GUIDELINES, THE UNITED STATES CONSTITUTION AMEN. 6) AND STRICKLAND VS. WASHINGTON, 466 US 668, 80;

## CONCLUSION

APPLICANT HAS SHOWN THIS HONORABLE COURT THAT HE HAS BEEN CONVICTED ILLEGALY AGAINST THE UNITED STATES CONSTITUTION THROUGH ILLEGAL MEANS, THIS HAS BEEN SHOWN THROUGH CLEAR AND CONVINCING DOCUMENTED EVIDENCE THAT CANNOT BE ARGUED.

APPLICANTS COURT APPOINTED COUNSEL WORKED WITH THE PROSECUTION TO OBTAIN THIS ILLEGAL CONVICTION AGAINST THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## PRAYER

APPLICANT PRAYERS THAT THIS HONORABLE SEES THROUGH THE SMOKE SCREEN THAT THE PROSECUTION IS BLOWING TO AFFIRM THIS ILLEGAL CONVICTION, AND GRANTS APPLICANT THE RELIEF THAT HE IS INTITLED TO BY LAW AND THE UNITED STATES CONSTITUTION.

## Certificate of Service

I Eric Mayberry, Do Hereby Certify that A True and Correct copy of the Foregoing has Been Sent by U.S. Regular Mail to the court of Criminal Appeals to:

Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Executed on the 27th Day of December 2014